1
2
3
4
5                    **THE DISTRICT COURT OF GUAM**
6
7    UNITED STATES OF AMERICA,            CRIMINAL CASE NO. 10-00028-03

        Plaintiff,
8
                                          **DECISION AND ORDER DENYING**
9       vs.                               **DEFENDANT'S MOTION FOR**
                                          **REDUCTION OF SENTENCE UNDER**
    HENRY PANGILINAN FRESNOZA,            **18 U.S.C. 3582(c)(1)(A)**
10
        Defendant.
11

12       Before the court is Defendant Henry Pangilinan Fresnoza's Motion for Reduction of

13   Sentence Under 18 U.S.C. § 3582(c)(1)(A) ("Motion"). *See* Mot., ECF No. 355.[1] Defendant files

14   the Motion *pro se. Id*. The court has reviewed Defendant's Motion and relevant caselaw and deems

15   it suitable for submission without oral argument. For the reasons stated herein, the court hereby

16   **DENIES** Defendant's Motion.

17   **I.      Background**

18       On November 3, 2011, Defendant was convicted of Conspiracy to Distribute

19   Methamphetamine Hydrochloride ("Count 1"), in violation of 21 U.S.C. §§ 841(a)(1) and 846 and

20   18 U.S.C. § 2; Conspiracy to Import Methamphetamine Hydrochloride ("Count 2"), in violation

21   of 21 U.S.C. §§ 952 and 963; Simple Possession of Methamphetamine Hydrochloride ("Count 3"),

22

23   _____
     [1] Defendant filed the Motion two times. ECF Nos. 355 and 356. The only difference between the
     two filings is that ECF No. 356 contains only the Motion and ECF No. 355 contains the Motion
24   as well as a letter from Defendant to the court, Defendant's Release Plan, Certificate of Service,
     Time Served Exhibit, and Defendant's letter to a Warden.

in violation of 21 U.S.C. § 841(a)(1); and Money Laundering ("Counts 9-12"), in violation of 18 U.S.C. §§ 2 and 1956(a)(2)(B)(i). Jury Verdict at 1-5, ECF No. 201 and J. at 1-3, ECF No. 242. On October 10, 2012, Defendant was sentenced to 20 years each for Counts 1 and 2, 2 years for Count 3, and 20 years each for Counts 9 through 12, to run concurrently with each other, with credit for time served. *Id.* and Min., ECF No. 237.

On October 22, 2012, Defendant appealed his conviction and sentence. Notice of Appeal, ECF No. 245. On February 20, 2014, the Ninth Circuit Court of Appeals affirmed Defendant's conviction and sentence. Mem., ECF No. 291.

On December 18, 2023, Defendant filed the instant Motion asking the court to reduce his sentence to time served. Mot. at 4, ECF No. 355. Therein, he argues that his "extraordinary" rehabilitation, the "combined change[d] landscape" in a post-First Step Act world, and his unusually long sentence constitute extraordinary and compelling reasons to grant a reduction in sentence. *Id.* at 3. Defendant also argues that a sentence reduction is warranted under the 3553(a)(1)-(2) factors. *Id.* at 3-4.

Defendant submitted an administrative request to a Warden on December 9, 2023.[2] *Id.* at 9. According to Defendant, the Warden has not responded to his administrative request for compassionate release. *Id.* at 2.

On February 28, 2024, the court ordered the Government to file a response to Defendant's Motion. Order, ECF No. 358. The Government filed an opposition to Defendant's Motion on March 13, 2024. Opp'n., ECF No. 359.

---

[2] Defendant's email was addressed "To: Warden[,]" but it is unclear from the email itself if this was for the Warden at the Federal Correctional Institution, Mendota ("FCI, Mendota"), where Defendant states he is incarcerated. Mot. at 2 and 9, ECF No. 355. Moreover, Defendant claims in the Motion that he sent the Warden a letter on December 14, 2023, but the letter attached to the Motion is dated December 9, 2023. *Id.*

## II.     Legal Standard

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Pursuant to the First Step Act of 2018, a defendant can directly petition a court for a sentence reduction, commonly known as "compassionate release." First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). To grant a motion made pursuant to § 3582(c), Defendant must satisfy three requirements: (a) Defendant must exhaust administrative remedies; (b) the court must find that "extraordinary and compelling reasons warrant such a reduction[;]" and (c) the court must consider the factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c).

"Congress provided no statutory definition of 'extraordinary and compelling reasons[]' . . . [and] [i]nstead, Congress stated that the [United States] Sentencing Commission [("U.S.S.C.")], . . . 'shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (quoting 28 U.S.C. § 994(t)). The U.S.S.C. policy statement with respect to a "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" lists specific examples under U.S.S.G. § 1B1.13, effective November 1, 2023 ("Amendment 814"):

> (1) medical circumstances of the defendant where the defendant suffers from severe or chronic illness; (2) age of the defendant where the defendant is at least sixty-five years old; (3) family circumstances of the defendant where there is no one other than the defendant to care for a family member; (4) victim of abuse where the defendant has been assaulted in prison by a Bureau of Prisons . . . employee; (5) other reasons of similar gravity, either independently or collectively; and (6) an unusually long sentence. The policy statements also order[s] that, to reduce a sentence, the court must determine that "[t]he defendant is not a danger to the

safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2).

*United States v. Garcia Nava*, No. 19-CR-2034-GPC, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024) (second alteration in original).

Prior to Amendment 814, the Ninth Circuit "held that district courts need not consult § 1B1.13 when ruling on a compassionate release motion" filed by a defendant under § 3582(c)(1)(A). *United States v. Nunez*, No. 1:21-CR-02022-SAB-1, 2024 WL 262684, at *1 (E.D. Wash. Jan. 23, 2024) (citing *Aruda*, 993 F.3d at 802). After Amendment 814 became effective, a "defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making § 1B1.13 applicable to both defendant-filed and [Bureau of Prisons]-filed motions." 2023 AMENDMENTS IN BRIEF, U.S. SENT'G COMM'N, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited February 9, 2024). The court "nonetheless retains substantial discretion to determine what constitutes 'extraordinary and compelling reasons' under Paragraph 5 of Section 1B1.13(b)." *United States v. Courtway*, No. 18-CR-4687-DMS-1, 2023 WL 8772931, at *7 (S.D. Cal. Dec. 19, 2023) and U.S.S.G. § 1B1.13(b)(5).

### III.  Discussion

#### a.  Administrative Exhaustion

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act. Mot. at 2, ECF No. 355. Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), courts may modify or reduce the length of a Defendant's already imposed sentence under certain circumstances. In order for the court to entertain a motion for compassionate release, a defendant must first fulfill the administrative exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is mandatory and, when not met, prohibits a court from reaching the merits of a defendant's argument and modifying Defendant's sentence. *See Gallo Cattle Co. v. U.S. Dep't*

*of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) (holding that unlike judicially-created exhaustion requirements, "statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court.").

Section 3582(c)(1)(A) of Title 18, United States Code, provides in part,

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case—
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or ***the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility***, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]

(emphasis added).

Here, Defendant provides the court with a copy of an electronic mail sent to the Warden. Mot. at 9, ECF No. 355. The letter, dated December 9, 2023, asks the Warden to consider Defendant's request for compassionate release. *Id.* The court received Defendant's Motion on December 18, 2023. *Id*. A total of 9 days passed between when the letter was sent to the Warden and when Defendant filed his Motion, thereby statutorily prohibiting the court from considering his Motion as the 30-day time-period had not yet passed. *Id.* at 9 and 18 U.S.C. § 3582(c)(1)(A). The statutory text is clear and "nothing else in Section 3582(c)(1)[(A)] suggests that the Court could waive the 30-day waiting period." *United States v. Kauwe*, No. 3:14-CR-00044-MMD-WGC-1, 2020 WL 2475792, at *3 (D. Nev. May 13, 2020). The Ninth Circuit has held that "while judicially created exhaustion requirements may be waived by the courts for discretionary reasons,

statutorily-provided exhaustion requirements deprive the court of jurisdiction and[,] thus, preclude any exercise of discretion by the court." *United States v. Miranda*, No. 1:12-CR-0067 AWI BAM, 2021 WL 826259, at *2 (E.D. Cal. Mar. 4, 2021) (quoting *Gallo Cattle*, 159 F.3d at 1197).

Accordingly, Defendant's Motion is DENIED because he did not exhaust his administrative remedies by waiting for the 30-day period to pass before filing his Motion.

### b. Extraordinary and Compelling Reasons

Assuming *arguendo* that Defendant had exhausted his administrative remedies, the court nonetheless denies the Motion for it fails to state extraordinary and compelling reasons that would warrant a reduction in sentence. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Defendant argues a reduction in his sentence is warranted because of (i) Defendant's rehabilitation and (ii) length of Defendant's sentence. Mot. at 3, ECF No. 355.

### i. Defendant's Rehabilitation

Defendant argues that a sentence reduction is warranted in part because of his "extraordinary" rehabilitation. *Id.* Defendant asserts that in the past 14 years of incarceration he has not had any disciplinary actions, has taken "numerous courses" while incarcerated, and is considered to be a model inmate by staff members at FCI, Mendota. *Id.* Defendant also asserts that he is remorseful for the crime he committed. *Id.* While the court commends Defendant for his rehabilitation and efforts to rehabilitate, rehabilitation alone is not an "extraordinary and compelling reason[]" for a sentence reduction. *See United States v. Roper*, 72 F.4th 1097, 1100 (9th Cir. 2023) (quoting *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022)).

### ii. Unusually Long Sentence, U.S.S.G. § 1B1.13(b)(6)

"[T]he First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." *Id.* (quoting *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022)). The First Step Act made "substantial

changes to mandatory minimum sentencing provisions." *United States v. Hamilton*, No. CR-16-00268-001-PHX-JJT, 2023 WL 183671, at *2 (D. Ariz. Jan. 13, 2023). The Ninth Circuit has held that courts are permitted to consider "non-retroactive changes in sentencing law when determining what is extraordinary and compelling." *Chen*, 48 F.4th at 1098.

Defendant argues that the court should consider the length of a sentence compared to what he would have received if sentenced post-First Step Act, specifically where "a sentence is unusually long and there is a gross disparity between sentences." Mot. at 3, ECF No. 355 (citing *United States v. Lii*, 528 F. Supp. 3d 1153, 1164 (D. Haw. 2021)).

Amendment 814 adds the category "Unusually Long Sentence" to the policy statement under U.S.S.G. § 1B1.13(b)(6), explaining when a sentence reduction may be warranted under "extraordinary and compelling reasons." [3] It provides the following:

---

[3] The U.S.S.C. explained its reasoning for adding U.S.S.G. § 1B1.13(b)(6) and stated that

> [t]he amendment agrees with the circuits that authorize a district court to consider non-retroactive changes in the law as extraordinary and compelling circumstances warranting a sentence reduction but adopts a tailored approach that narrowly limits that principle in multiple ways. First, it permits the consideration of such changes only in cases involving "unusually long sentences," which the legislative history to the [Sentencing Reform Act of 1984] expressly identified as a context in which sentence reduction authority is needed. *See* S. Rep. No. 98–225, at 55 (1983), *reprinted* in 1984 U.S.C.C.A.N. 3182, 3238–39. ("The Committee believes that there may be unusual cases in which the eventual reduction in the length of a term of imprisonment is justified by changed circumstances. These would include cases of severe illness, cases in which other extraordinary and compelling circumstances justify a reduction of an unusually long sentence, and some cases in which the sentencing guidelines for the offense of which the defender [*sic*] was convicted have been later amended to prove a shorter term of imprisonment."). Second, the change in law itself may be considered an extraordinary and compelling reason only where it would produce a gross disparity between the length of the sentence being served and the sentence likely to be imposed at the time the motion is filed. . . . [T]he amendment [also] limits

(6) **Unusually Long Sentence.--**If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but ***only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed***, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (emphasis added).[4]

Defendant satisfied the requirement of having served at least 10 years of his sentence pursuant to U.S.S.G. § 1B1.13(b)(6). *See* J. at 1-3, ECF No. 242. However, Defendant has not identified a change in the law that would "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the [M]otion [was] filed." U.S.S.G. § 1B1.13(b)(6). Nevertheless, the court construes *pro se* pleadings liberally and will therefore construe his argument regarding the length in sentence combined with the post-First Step Act

---

the application of this provision to individuals who have served at least 10 years of the sentence the motion seeks to reduce.

AMENDMENTS TO THE SENTENCING GUIDELINES, U.S. SENT'G COMM'N, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf. (last visited Feb. 9, 2024).

[4] The U.S.S.G. also added the following section under U.S.S.G. § 1B1.13(c),

(c) **Limitation on Changes in Law.--**Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

"world" as identifying a change in the law. *See Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014) and Mot. at 3, ECF No. 355.

Here, the relevant sentencing changes pertain to Defendant's Counts 1 and 2. In 2012, at the time of sentencing, the court imposed a term of imprisonment outside the advisory guideline range and sentenced Defendant to the mandatory minimum of 20 years per Counts 1 and 2, to run concurrently. J. at 1-3, ECF No. 242. Defendant was sentenced outside the guideline range because of his prior conviction[5] and as required by U.S.S.G. § 5G1.1(b), which states that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." The statutory minimum was 20 years, which is greater than 188 months.[6] Therefore, the guideline sentence became the 20-year statutory minimum.

In 2018, the First Step Act amended the mandatory minimum for the statutory violations applicable to Count 1, 21 U.S.C. §§ 841(a)(1) and 846; and Count 2, 21 U.S.C. §§ 952 and 963,[7] by decreasing it from 20 to 15 years. First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). If Defendant was sentenced today for Counts 1 and 2, the court would have imposed at a minimum 15 years.[8]

---

[5] *See* 21 U.S.C. § 841, and Notice, ECF No. 12.

[6] Defendant had a criminal history category of III and a total offense level of 32. Thus, his sentencing guideline range was 151 to 188 months, or approximately over 12.5 years to 15.5 years.

[7] "If any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years and not more than life imprisonment[.]" 21 U.S.C. § 960(b)(1).

[8] The court notes, however, that the high end of the applicable guideline range is 188 months, which is more than 15 years or 180 months.

While that change alone may have had an impact on Defendant's sentence for Counts 1 and 2, when considering the original 20-year concurrent term of imprisonment imposed for each Counts 9 through 12, in violation of 18 U.S.C. §§ 2 and 1956(a)(2)(B)(i), the original sentence would not have changed if Defendant was sentenced today. The statute for Counts 9 through 12 has not changed. 18 U.S.C. § 1956(a)(2)(B)(i).[9]

In applying the newly added category of "Unusually Long Sentence[,]" the court finds that Defendant has not provided extraordinary and compelling reasons justifying a sentence reduction. U.S.S.G. § 1B1.13(b)(6). If the court only had Counts 1 and 2 to consider coupled with Defendant's rehabilitation, the court could potentially find that extraordinary and compelling reasons may warrant a sentence reduction. *See United States v. Roper*, No. CR12-5085 BHS, 2023 WL 6807301, at *6 (W.D. Wash. Oct. 16, 2023) (holding that "[t]he approximately five-year disparity is sufficient to warrant relief considering all the other factors Roper proffered."). However, that is not the case here. Defendant was also sentenced for other offenses in which the statute has not changed and, therefore, Defendant would receive the same 20-year term of imprisonment if sentenced at the time he filed his Motion.[10] *See* 18 U.S.C. § 1956(a)(2)(B)(i).

## IV. Conclusion

For the reasons stated herein, the court hereby **DENIES** the Motion. Defendant has not satisfied the administrative exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A). Even if

---

[9] Title 18, Section 1956(a)(2)(B)(i) states that whoever is found guilty under that section "shall be sentenced to a fine of not more than $500,000 or twice the value of the monetary instrument or funds involved . . . or imprisonment for not more than twenty years, or both."

[10] On February 28, 2024, the court ordered the Government to brief the issue of whether the change to the mandatory minimum sentence that was imposed in Counts 1 and 2 would support a sentence reduction for Defendant. Order, ECF No. 358. The Government filed its response to the question on March 13, 2024. Opp'n., ECF No. 359. After a review of the Government's response and the relevant case law, the court finds that Defendant's sentence would not be different if sentenced today. Therefore, Defendant's Motion also fails on the merits.

Defendant had, the court finds that extraordinary and compelling reasons do not exist to warrant a

reduction because Defendant's sentence would not be different if sentenced today.

**SO ORDERED.**

**/s/ Frances M. Tydingco-Gatewood**
      **Chief Judge**
**Dated: Jun 04, 2024**